UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RUIZ PALOMAR, II, | 1:11-CV-01497 AWI GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Respondent. | |

On September 7, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to

1  42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
2  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
3  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
4       In this case, Petitioner claims prison staff are denying him access to his prison records. He
5  also claims prison staff are denying him basic dental care such as filling cavities and providing
6  calcium. Petitioner is challenging the conditions of his confinement, not the fact or duration of that
7  confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be
8  dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights
9  complaint pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

11       Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
12  DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
13  corpus relief. The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send
14  Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.
15       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
16  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
17  the Local Rules of Practice for the United States District Court, Eastern District of California.
18  Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file
19  written objections with the court. Such a document should be captioned "Objections to Magistrate
20  Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling
21  pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the
22  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
23  1153 (9th Cir. 1991).

25      IT IS SO ORDERED.

26     Dated:   September 26, 2011                      /s/ Gary S. Austin
                                                                                    UNITED STATES MAGISTRATE JUDGE